FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 10, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALLYSA MARIE JACOBSON,<br><br>                    Plaintiff,<br><br>        v.<br><br>PULLMAN REGIONAL HOSPITAL,<br>and DR. HUONG A. TRINH,<br><br>                    Defendants. | NO. 2:25-CV-0500-TOR<br><br>ORDER GRANTING PULLMAN REGIONAL HOSPITAL'S PARTIAL MOTION TO DISMISS |

BEFORE THE COURT is Defendant Pullman Regional Hospital's Partial Motion to Dismiss.  ECF No. 13.  This matter was submitted without oral argument.  Plaintiff has not responded timely or otherwise.  The Court has reviewed the record and files herein, and is fully informed.  For the reasons discussed below, Defendant's Partial Motion to Dismiss (ECF No. 13) is **GRANTED**.

//

//

ORDER GRANTING PULLMAN REGIONAL HOSPITAL'S PARTIAL
MOTION TO DISMISS ~ 1

**DISCUSSION**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain only "a short and plain statement of relief showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a complaint under Rule 12(b)(6), courts must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). And, notwithstanding Rule 8(a)(2), the Supreme Court has specified that pleadings which merely offer "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancements" are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)). Thus, while "detailed factual allegations" are not required, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570).

In her Complaint, Plaintiff asserts a violation of the Emergency Medical Treatment and Labor Act ("EMTALA").

ORDER GRANTING PULLMAN REGIONAL HOSPITAL'S PARTIAL MOTION TO DISMISS ~ 2

Based on the facts as alleged by the Pullman Regional Hospital, the Court finds that the Hospital did everything correct under EMTALA.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Defendants' Partial Motion to Dismiss (ECF No. 13) is **GRANTED**.

2.  The Claims brought by Plaintiff under 42 U.S.C. § 1395dd(a) for failure to comply with EMTALA are **DISMISSED WITH PREJUDICE**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** April 10, 2026.



Thomas O. Rice
THOMAS O. RICE
United States District Judge

ORDER GRANTING PULLMAN REGIONAL HOSPITAL'S PARTIAL MOTION TO DISMISS ~ 3